IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CR3044 |
| | ) | |
| v. | ) | |
| | ) | |
| ALFONZO TRAYMAYNE LEE, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

Alfonzo Traymayne Lee (Lee) has filed a timely Motion under 28 U.S.C. § 2255 (filing no. 151) attacking his lawyer and seeking to vacate his conviction and sentence. After initial review, the motion will be denied with prejudice.[1]

## I. BACKGROUND

Lee was convicted by a jury of one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846, and one count of using, carrying, or brandishing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Lee was sentenced to 262 months imprisonment on the conspiracy count and a consecutive term of 84 months imprisonment on the firearm count.

---

[1]Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. . . .

Lee appealed his conviction and sentence. The conviction was affirmed, but the case was remanded by the Court of Appeals for re-sentencing by the Supreme Court. *United States v. Lee*, 451 F.3d 914 (8th Cir. 2006), *rev'd* 128 S.Ct. 855 (2008), *on remand*, 521 F.3d 911 (8th Cir. 2008) (remanding to give district court an opportunity to indicate whether it would have imposed same sentence if it had known it had discretion to deviate from 100 to 1 crack to cocaine ratio). I re-sentenced Lee as required. Exercising discretion to vary from the "crack" Guidelines because of a categorical disagreement, I sentenced him to 168 months on the conspiracy charge and 84 months on the gun charge to run consecutively. There was no appeal of the re-sentencing.

During the pendency of the appeal, Lee filed a motion for a new trial on the basis of newly discovered evidence. I held the motion in abeyance until the appeal was resolved. After the case was remanded to me for re-sentencing, I conducted an evidentiary hearing and denied the new trial motion. Lee appealed that decision. The Court of Appeals affirmed the denial of the new trial motion. *United States v. Lee*, 312 Fed. Appx. 844 (8th Cir. 2009).

Lee sought a writ of certiorari in the summer of 2009 regarding the denial of the new trial motion, but that petition was denied on November 29, 2010. (Filing no. 148.) Lee's § 2255 motion was filed on November 21, 2011. (Filing no. 151.)

Throughout the foregoing proceedings, Lee was represented by Michael D. Nelson pursuant to a court appointment. As summarized by the Court of Appeals, Nelson had an uphill road defending Lee given the evidence the government presented to the jury:

> Lee was involved in extensive drug dealing activity in Lincoln, Nebraska. Several of Lee's coconspirators testified against Lee at his trial. The witnesses testified about Lee's numerous sales and purchases of crack in quantities ranging from one-eighth of an ounce to three

ounces. Others testified about Lee's possession of a handgun during drug transactions. Three witnesses testified about discussions with Lee about purchases of large amounts of cocaine from Denver, though no purchase ever occurred with any of the three. Still another witness testified that Lee struck him with a handgun during a drug transaction and, later in the transaction, Lee showed the handgun to the witness to intimidate the witness.

*United States v. Lee*, 451 F.3d at 916.

## II. ANALYSIS

The defendant argues that his counsel was ineffective. Therefore, the *Strickland* standard must be applied. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (announcing principles for evaluation of claims of ineffective assistance of counsel under the Sixth Amendment). In order to prevail on a claim that defense counsel rendered ineffective assistance of counsel under *Strickland*, the claimant must establish two things. He or she must establish (1) that "'counsel's representation fell below an objective standard of reasonableness,'"[2] and (2) that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

---

[2] A judge's "scrutiny of counsel's performance must be highly deferential" and the judge must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Reed v. United States*, 106 F.3d 231, 236 (8th Cir. 1997). In other words, a judge should make "every effort" to "eliminate the distorting effects of hindsight" by examining the lawyer's performance from "counsel's perspective at the time" of the alleged error. *Strickland*, 466 U.S. at 690.

would have been different.'"[3] *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland*, 466 U.S. at 688 & 694).

An evidentiary hearing is unnecessary if the claimant makes an insufficient preliminary showing on either or both prongs or the record clearly contradicts the claimant's showing on either or both prongs. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

### *Ground One*

Lee first asserts that Nelson was ineffective for failing to challenge the sufficiency of the evidence regarding whether the gun Lee allegedly used was operational and whether the firearm actually existed. There was eye witness testimony about the gun, and no reason to believe the gun did not work or was a toy. Indeed, a witness was pistol whipped with the weapon. This type of evidence was clearly sufficient to get the gun charge to the jury. *See, e.g.*, *United States v. Stenger*, 605 F.3d 492, 504 (8th Cir. 2010) (when the gun at issue in a prosecution under § 924(c) is not introduced in evidence, the defendant's possession of a firearm may be established solely by eye witness testimony; the mere possibility that the weapon

---

[3]A "reasonable probability" is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), but it is more than a possibility. *White v. Roper*, 416 F.3d 728, 732 (8th Cir.2005). It must be compelling enough to "undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

-4-

could have been fake does not preclude a reasonable jury from finding that the gun was real). Nelson could not have been ineffective for failing to make a silly argument to the contrary, and there is certainly no reason whatever to assume that the failure to do so caused Lee any prejudice.

### *Ground Two*

Lee argues that Nelson was ineffective for failing to challenge the drug quantity determination that resulted in a 168 month sentence. Recognizing that the jury found beyond a reasonable doubt that Lee dealt with 50 grams or more of crack, and using a conservative estimate, the probation officer carefully determined that Lee was responsible for 283 grams or crack resulting in a base offense level of 34 under the then existing Guidelines. (PSR ¶¶ 17-36 & 49 (Filing no. 59).) While it is true that Nelson did not challenge that quantity determination, and while it is true that I agreed with that determination, there is no reason given by Lee, or revealed in the record, to believe that a different quantity determination was more accurate. Again, Lee has failed to provide any basis for believing that Nelson's actions fell below the required standard or that Nelson's actions prejudiced Lee.

### *Ground Three*

Lastly, Lee argues that Nelson was ineffective for failing to locate and call "Thug" (McArthur Higgins) as a witness. "Thug" was mentioned during trial as Lee's minion. Lee also received a two-point sentencing enhancement for supervising "Thug." [4]

---

[4] I sustained Nelson's objection to a three-point enhancement (filing no. 55), but found that a two-point increase was required. (Filing no. 58.)

Nelson was able to locate "Thug" *after* trial and after the first sentencing[5] and Nelson presented "Thug's" testimony during an evidentiary hearing on the motion for new trial and prior to the second sentencing. Suffice it to state that "Thug's" testimony that Lee was not involved in "crack" dealing was shredded by counsel for the government. For example, after being placed under oath while pleading guilty to a "crack" charge, "Thug" told the judge that it was true that he and Lee had dealt "crack" and that "Thug" served as Lee's "'right hand man.'" (Filing no. 136 at CM/ECF pp. 39-43 (Thug's cross-examination by the prosecutor during the evidentiary hearing on the motion for new trial) & Ex. 5 at pp. 17-20 (Thug's Rule 11 transcript).)

In short, "Thug's" testimony would have blown up in Lee's face just as it did during the evidentiary hearing on the motion for new trial had Nelson done what Lee now asserts he should have done. In any event, there was certainly no prejudice in Nelson's failure to locate and call "Thug" as a witness at some earlier point in the proceedings.

### III. CONCLUSION

Michael D. Nelson did *not* provide ineffective assistance of counsel. On the contrary, he did a great job with a difficult case and a difficult client. Frankly, Lee is fortunate that he is not serving far more time.

IT IS ORDERED that:

1. The motion to proceed in forma pauperis (filing no.153) is granted.

---

[5]"Thug" testified that he had lost contact with Lee by the time of Lee's trial, and that Lee did not have "Thug's" telephone number or address. (Filing no. 136 at CM/ECF pp. 14-15.)

2. The motion to vacate under 28 U.S.C. § 2255 (filing no. 151) is denied with prejudice.

3. A separate judgment will be issued.

DATED this 8th day of December, 2011.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge